21 F.3d 1120
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rose Lee BURRIS, Plaintiff-Appellant,
v.
CITY of Seminole, Oklahoma, a Municipal Corporation; Steven
T. Williams; Chris Mills; Michael Shaw; James Ingram;
Brian Willis; George Carney; Dexter Davis; Terry
McGinnis, Defendants-Appellees.
 No. 93-7017.
 United States Court of Appeals, Tenth Circuit.
 April 20, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before LOGAN and MOORE, Circuit Judges, and OWEN, Senior District Judge.[2]
 
 MOORE
 
 2
 Rose Lee Burris appeals an order granting summary judgment to defendants in this 42 U.S.C.1983 case. The district court determined defendants were clothed with immunity, and we agree.
 
 
 3
 After an examination of the briefs and record, we believe the magistrate judge correctly resolved the issues, and we affirm his decision upon the reasoning set forth in his order. There are, nevertheless, issues raised on appeal that must be answered, albeit briefly.
 
 
 4
 Ms. Burris contends the magistrate judge incorrectly decided the case on summary judgment because there were material facts in controversy. Upon examination, however, the facts cited are not relevant to the seminal legal issue of whether the officers were entitled to qualified immunity. For example, whether the confidential informant was reliable is irrelevant to the issue of immunity because the magistrate correctly held the defendants were, in the immunity context, entitled to rely upon the warrant. The remaining so-called contested facts are similar micro-cosmic contentions which simply do not affect the defendants' right to rely upon the facial validity of the warrant.
 
 
 5
 Insofar as Ms. Burris contends defendant Williams is not entitled to qualified immunity, we are satisfied from the record there was sufficient evidence known to him at the time the warrant was procured to establish probable cause. More importantly, there is nothing to suggest Chief Williams was not entitled to rely upon the issuing judge's independent determination that probable cause supported the issuance of the warrant. Malley v. Briggs, 475 U.S. 335, 344-445 (1986) (applying the objective reasonability test of United States v. Leon, 468 U.S. 897 (1984), to qualified immunity of an officer whose request for a warrant resulted in an allegedly unconstitutional arrest).
 
 
 6
 We note, too, again in the qualified immunity context, Chief Williams called the district attorney and related facts in his knowledge seeking the prosecutor's opinion whether the officers had probable cause to arrest. Following that advice, Ms. Burris was placed in custody. Those circumstances adequately provide the officers with qualified immunity. Although plaintiff suggests there is a factual issue when the arrest occurred, before or after the call was made, we believe it is unquestioned the advice was obtained before Ms. Burris was removed from her home in the officers' custody.
 
 
 7
 Finally, Monell v. Department of Social Servs., 436 U.S. 658 (1978), and City of Canton v. Harris, 489 U.S. 378 (1989), do not hold, as Ms. Burris seems to argue, a city must provide its own "in house" training to escape liability for the actions of its officers. Moreover, nothing suggests that the training defendants obtained from state and federal academies was deficient in any way.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable Richard Owen, United States Senior District Judge for the Southern District of New York, sitting by designation